**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ─────────────────────── ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Government, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 14-10163-NMG |
| EDWARD BOYER et al., ) | |
| ) | |
| Defendants. ) | |
| ─────────────────────── ) | |

**MEMORANDUM & ORDER**

GORTON, J.

In June, 2014, defendant Edward Boyer ("Boyer") was charged with conspiring to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. The one-count Indictment includes a forfeiture allegation pursuant to 21 U.S.C. § 853 which states that, if convicted, Boyer and his co-defendants shall forfeit any property obtained as a result of the charged offense or used to commit that offense. The allegation also notifies defendants that the government will seek the forfeiture of substitute assets up to the value of the unavailable property pursuant to 21 U.S.C. § 853(p). It specifically identifies as a substitute asset

> the real property located at 159 Bay State Road,
> Rehoboth, Massachusetts, including all buildings and
> appurtenances thereon, more particularly described in
> a deed recorded at Book 18756, Page 111 at the
> Northern Bristol County Registry of Deeds.

-1-

Boyer owns the subject property ("the Rehoboth Property") in joint tenancy with his girlfriend.

The government seeks to record a <u>lis pendens</u> against the Rehoboth Property to facilitate its forfeiture as a substitute asset, if necessary, upon Boyer's conviction.  A <u>lis pendens</u> is a notice recorded in a real property's chain of title that warns all persons that such property is the subject matter of litigation and that "any interests acquired during the pendency of the suit are subject to its outcome." <u>Speleos</u> v. <u>BAC Home Loans Servicing, L.P.</u>, 755 F.Supp.2d 304, 312 (D. Mass. 2010).

The government contends that its forfeiture allegation constitutes a claim of right to title or for the use or occupation of the Rehoboth Property and an endorsement of that finding on a memorandum of <u>lis pendens</u>.  For the reasons that follow, that motion will be denied.

## I.   <u>Motion for Finding and Endorsement of Memorandum of Lis Pendens</u>

The central issue in this case is whether the government has the authority to record a <u>lis pendens</u> against the Rehoboth Property where any claim against that property is contingent on the government first obtaining a conviction against Boyer and then an order permitting the forfeiture of substitute property. The Court will consider whether the government has such authority, under either federal law or state law.

### A.    21 U.S.C. § 853

The federal criminal forfeiture statute, 21 U.S.C. § 853, authorizes the government to seek criminal forfeiture against a defendant who is convicted of violating 21 U.S.C. § 846 and who is subject to a sentence of more than one year. 21 U.S.C. § 853(a).  Property that is directly traceable to the crime is generally forfeitable upon a conviction and the imposition of sentence of more than one year. Id.  The forfeiture statute specifically identifies as forfeitable property "constituting, or derived from, any proceeds...obtained, directly or indirectly, as the result of" the crime and property "used, or intended to be used...to commit, or to facilitate the commission of," the crime. Id.  If the government is unable to obtain such property as a result of any act or omission of the defendant, it may seek the forfeiture of "substitute assets" of the defendant. Id. § 853(p).

The government may obtain a restraining order or injunction to preserve the availability of property that is directly traceable to the crime, either because it constitutes proceeds or is used in its commission. Id. § 853(e).  While the First Circuit Court of Appeals has not addressed whether similar remedies are available with respect to substitute assets, a majority of Circuit Courts of Appeals agree that § 853(e) does not authorize the government to restrain substitute assets prior

to a conviction because the statute does not provide for "relation-back," a doctrine that would allow the government's interest in the property to vest when the defendant commits the act giving rise to the forfeiture. See United States v. Parrett, 530 F.3d 422, 429-31 (6th Cir. 2008) (applying majority approach and collecting cases from the Second, Third, Fifth, Eighth and Ninth Circuits which have not allowed pretrial restraint of substitute assets); United States v. Jarvis, 499 F.3d 1196, 1204 & n.8 (10th Cir. 2007) (same); but see In re Billman, 915 F.2d 916, 920-21 (4th Cir. 1990) (construing the RICO forfeiture statute, 18 U.S.C. § 1963(d)(1)(A), liberally in light of its remedial purpose and finding it to authorize pretrial restraint of substitute assets).  This Court, following the majority approach, concludes that the government is not authorized to restrain the Rehoboth Property pursuant to § 853(e).

The government argues, however, that a lis pendens does not amount to a restraint of property.  While a notice of lis pendens filed by the government, "practically speaking, denudes the subject property of its alienability," many courts that have addressed this issue have nonetheless concluded that such a notice is not a restraint as a matter of law. United States v. Kramer, 2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006); see also United States v. Lebed, No2005 WL 2495843, at *10 (E.D. Pa. Oct. 7, 2005) (holding that lis pendens do not amount to an

-4-

impermissible restraint on Defendants' assets); <u>United States</u> v. <u>Miller</u>, 26 F. Supp. 2d 415, n. 15 (N.D.N.Y. 1998) ("The filing of a <u>lis</u> <u>pendens</u> does not constitute a 'restraint' or 'seizure' within the meaning of 21 U.S.C. §§ 853(e) or (f), respectively.")

Nonetheless, even if a notice of <u>lis</u> <u>pendens</u> is not a pretrial restraint, the federal statute is, at best, silent with respect to the authority to file such a notice on substitute forfeiture property.  The Court will therefore proceed to consider whether the government is authorized by the laws of the Commonwealth of Massachusetts to file a notice of <u>lis</u> <u>pendens</u> against the Rehoboth Property.

**B.   M.G.L. c. 184, § 15**

The government contends that M.G.L. c. 184, § 15 permits it to file a <u>lis</u> <u>pendens</u> against a substitute asset prior to a conviction.  That statute provides that

> [u]pon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum.

M.G.L. c. 184, § 15.

The Supreme Judicial Court of Massachusetts has interpreted the statute to apply only to a proceeding that "affects the title to real property or the use and occupation thereof." <u>Wolfe</u>

-5-

v. Gormally, 802 N.E.2d 64, 65 (Mass. 2004). To affect title, a plaintiff must be claiming "some interest in the real estate or some right to use and occupy it." Shrewsbury v. Seaport Partners Ltd. P'ship, 826 N.E.2d 203, 207 (Mass. 2005). An "interest" in property that affects title includes a lien, Siegemund v. Bldg. Comm'r of Bos., 160 N.E. 795, 796 (Mass. 1928), and a restrictive covenant, Wolfe, 802 N.E.2d at 70.

The government asserts that it has a qualifying interest in the Rehoboth Property notwithstanding the fact that its interest will "vest" only after Boyer is convicted. The Court disagrees.

First, it is not persuaded by the reasoning of the case relied upon by the government for that proposition, United States v. Woods, 436 F. Supp. 2d 753 (E.D.N.C. 2006). Woods held that the lis pendens statute of North Carolina authorized the government to file a lis pendens against substitute property because, pursuant to the Fourth Circuit's interpretation of federal forfeiture law, the government obtained an interest in the substitute assets at the time the underlying crime was committed. Id. at 754-55. This Court declines to adopt the "relation-back" approach followed by the Fourth Circuit in lieu of the approach of other circuits holding that federal law does not create a property interest in substitute assets prior to conviction.

-6-

Second, the government is unable to contradict the sound
reasoning of another district court in the First Circuit, which
recently concluded that Massachusetts law does not permit the
listing of a <u>lis</u> <u>pendens</u> on substitute assets for criminal
forfeiture before conviction. <u>United States</u> v. <u>Kavalchuk</u>, 2010
WL 703105, at *4 (D.N.H. Feb. 23, 2010).  In <u>Kavalchuk</u>, the
government acknowledged that the federal criminal forfeiture
statute, 21 U.S.C. § 853, "does not authorize a notice of <u>lis</u>
<u>pendens</u> or other restraints on substitute forfeiture property"
but asserted that it was permitted under Massachusetts law.  The
District Court declined to construe M.G.L. c. 184, § 15 to
provide such authority because it concluded that 1) the statute
on its face appears to pertain only to civil forfeiture
proceedings, which are in rem and render the property the object
of the action, while criminal forfeiture actions proceed against
the defendant and not his property and 2) most courts that have
considered this question "have found such authority lacking."
<u>Id.</u>  The government in the case at bar fails to address either
of those arguments.

As recognized in <u>Kavalchuk</u>, courts in other states with
similarly-worded <u>lis</u> <u>pendens</u> statutes have also declined to
apply them to substitute assets before a conviction is obtained.
<u>Id.</u>  For instance, courts in New York have held that N.Y.
C.P.L.R. § 6501 does not authorize the filing of a <u>lis</u> <u>pendens</u>

-7-

against substitute assets. See United States v. Queri, 679 F.
Supp. 2d 295, 297-99 (N.D.N.Y. 2010); United States v. Kramer,
2006 WL 3545026, at *10 (E.D.N.Y. Dec. 8, 2006).  Section 6501
provides that notices of lis pendens may be filed only in
actions "in which the judgment demanded would affect the title
to, or the possession, use or enjoyment of real property."  The
district court applying the New York statute in Queri reasoned
that the "judgment" sought in a criminal case does not include
the forfeiture of substitute assets and is instead limited to
conviction and forfeiture of property traceable to the crime
committed. Queri, 679 F. Supp. 2d at 297.

Courts in other states have reached similar conclusions.
See, e.g., United States v. Jewell, 556 F. Supp. 2d 962, 964-68
(E.D. Ark. 2008) (finding that Ark. Code Ann. § 16-59-101, which
requires the filing of a notice of lis pendens in a suit
"affecting the title [to real estate]", cannot be used against
substitute assets in a criminal forfeiture proceeding because
the government's pre-conviction interest in substitute assets is
akin to the interest of a party to a civil suit in obtaining
real property to satisfy a money judgment); United States v.
Jarvis, 499 F.3d 1196, 1205 (10th Cir. 2007) (holding that the
recording of a lis pendens on a substitute property was improper
under New Mexico law because "it cannot be said the United

States has a cause of action which involves or affects the title
to" the property at issue).

Finally, the government gives undue weight to the fact that
§ 15 is intended to provide notice of litigation affecting title
to potential third-party purchasers of property.  See Wolfe, 802
N.E.2d at 67 (citing Debral Realty, Inc. v. DiChiara, 420 N.E.2d
343, 348 (Mass. 1981)).  While evidence that a statute is
intended to achieve a particular purpose may serve to illuminate
its terms, any interpretation must be grounded in the text of
the statute.  Here, the statute authorizes the filing of a lis
pendens only in cases in which "the subject matter of the action
constitutes a claim of a right to title to real property."

While the government may eventually seek to forfeit the
Rehoboth Property if Boyer is convicted and it is unable to
obtain property that is directly traceable to the crime, the
government's potential claim against the Rehoboth Property is
not, in any meaningful sense, the subject matter of this
criminal action.

## II.  Motion for Leave to File Reply and Motion to Strike Proposed Reply Brief Included as Attachment

The government moved for leave to file a reply brief in
support of its motion for a finding and endorsement of lis
pendens.  Boyer opposes that request vociferously and argues
that the government should not be permitted to file an initial

motion that is devoid of legal argument and then seek leave to provide support for its request only when the first motion is opposed.  Boyer overstates the deficiency of the initial motion which, while brief, cited the Massachusetts <u>lis</u> <u>pendens</u> statute and relevant case law.  While it would have been sounder practice for the government to alert the Court to the split of authority with respect to pre-trial restraints on substitute assets, failure to do so does not warrant denial of an opportunity to cure that mistake with a reply brief.

The Court also declines to strike the proposed reply brief attached to the government's motion.  This Session has encouraged the practice of attaching proposed reply briefs to motions requesting leave to file a reply.

## ORDER

For the foregoing reasons,

1)   the motion by the government for a finding and
     endorsement of memorandum of <u>lis pendens</u> (Docket No.
     36) is **DENIED;**

2)   the motion by the government for leave to file a reply
     brief in support of its motion for <u>lis pendens</u> (Docket
     No. 43) is **ALLOWED;** and

3)   the motion by the defendant to strike the government's
     proposed reply brief (Docket No. 52) is **DENIED.**

**So ordered.**


                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated November 10, 2014